[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM AND ORDER
Before the Court is the defendant's Motion to Compel.
Under Chapter 13 of the Rules of Practice of the Superior Court there is set forth a discovery structure which permits under Section 13-6 the service of written interrogatories. "In all private injury actions allegations of liability based on the operation or ownership of a motor vehicle or alleging liability based on the ownership, maintenance or control of real property, the interrogatories served shall be limited to those set forth in forms 106.10A, 106.10B and/or 106.10C of the rules of practice unless upon motion the judicial authority determines that such interrogatories are inappropriate or inadequate . . ." P.B. § 13-6. These have become known as the standard interrogatories. CT Page 11754
At an earlier time, the Court denied the defendant permission to depose Social Security personnel for information about the plaintiff's Social Security file. In the meantime the Supreme Court decided Vitti v. Allstate, 245 Conn. 169 (1998). As a result of that decision defendants are now credited with any payments for disability by the Social Security Administration. The plaintiff now seeks the following:
Complete copies of any and all files maintained by the Social Security Administration regarding the plaintiff, including but not limited to, the following disability records:
a. All applications completed;
b. The original adjudicator's decision;
c. Any and all reconsideration decisions;
d. Any decisions from administrative law judges;
 e. Any and all evaluations of residual functional capacity; and
 f. The weekly amount of social security benefits received and the total received to date.
The Supreme Court has now held that Section 38a-344-6(d)(2) in insurance policies incorporating similar provisions are valid and permit the insurer to offset limits of liability by the amount of social security disability benefits paid or payable to the insured. Vitti, id. However, merely because the Supreme Court has now so ruled does not mean that a plaintiff should be harassed by disclosure of all details of a Social Security disability file, most of which will have no bearing on this case. Accordingly, the plaintiff is ordered to fully disclose the weekly amount of social security benefits received and the total received to date. The balance of the information requested from the Social Security Administration file is denied, except as to the decision of the Administrative Law Judge. That decision will certainly set out the medical cause from which the disability awarded arises and will thus enable the defendant to determine if it arises in whole or in part from the same injury for which the plaintiff seeks compensation in this case.
The plaintiff urges that the defendant's motion should be denied in its entirety because the defendant did not pursuant to § 13-6 request permission to file non-standard interrogatories. The court holds that in claims for underinsured or uninsured motorist coverage the rule does not require such prior permission CT Page 11755 where this kind of information is sought. This is not a lawsuit based on "operation or ownership of a motor vehicle" or one based on "ownership, maintenance or control of real property" but instead a suit by an insured against an insurer and therefore the Rule 13-6 requirement of prior permission to serve non-standard questions does not apply.
FLYNN, J.